UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HERNANDEZ; DANIEL CONTRERAS; DAVID OLSZEWSKI; HENRY FERET; JUDITH VELAZQUEZ; ANGEL SARABIA; THOMAS KURATKO and GUADALUPE PORTILLO, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 98 C 3100 Judge Gottschall |
| v. | ) ) | |
| BETTY LOREN-MALTESE; TOWN OF CICERO; WILLIAM BACON; LEONARD RUTKA; TOWN OF CICERO BOARD OF FIRE, POLICE AND PUBLIC SAFETY COMMISSIONERS; CLARENCE GROSS, CHAIRMAN; RICHARD CARAVETTA; JOYCE BARLOGA, ANTHONY MARZANO; DAISY CUIFFO, and MEMBERS OF THE TOWN OF CICERO BOARD OF FIRE, POLICE AND PUBLIC SAFETY COMMISSIONERS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **LOREN-MALTESE'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiffs have failed to come forward with admissible evidence from which a reasonable jury could find either that that the Defendants retaliated against them due to their exercise of First Amendment rights, that they were denied due process or that Defendants conspired against them to bring about such retaliation. Plaintiffs' claims of retaliation and conspiracy fail for the following specific reasons:

- Plaintiffs have not presented any direct evidence that any of the defendants acted to discharge them in retaliation for exercising First Amendment rights nor can they show retaliation based upon the Defendants' treatment of other

- similarly situated people. Plaintiff has not established any comparators.
- Plaintiffs have not introduced any evidence of denial of their due process right. There is no evidence of any tainted process before the BOFPC or arbitrator.
- The intra-corporate conspiracy doctrine applies to bar Plaintiffs' conspiracy claims given thier failure to come forward with any evidence that the Defendants were acting outside the ordinary scope of their official duties when they suspended and ultimately discharged him.
- There is no proof of an "agreement" among any alleged co-conspirators.

Given the absence of any evidence from which a reasonable jury could find in Plaintiffs, this Court should enter judgment as a matter of law in favor of the Defendants pursuant to F.R.C.P. 50.

## **FACTS**

### I. Background

The following facts are derived from the evidence presented during Plaintiffs case-in-chief:

Plaintiffs worked for the Town of Cicero as police officers until November 1997. Each of them was aware of the Town's residency requirement and each claimed to have a residence in Town while having much more substantial contacts in a much more substantial residence elsewhere.

Further, under Section 2-123(b) of the Code of Ordinances of the Town of Cicero, each Plaintiff, as a Town employee, was required to reside within the boundaries of the Town of Cicero. They chose not to live in the Town of Cicero and instead falsely represented that they lived there.

Plaintiffs have not produced any evidence of any similarly situated people who received different treatment.  Plaintiffs, for example, have not established that anyone who supported Betty Loren-Maltese was not treated the same way or received preferential treatment.  Rutka testified in Plaintiffs' case-in-chief that residency was enforced across the board with respect to all people irrespective of who they were, who they know, or who they supported.  Plaintiffs have not established any evidence to the contrary.  While it may be true that several people were brought up on residency charges <u>and</u> they supported Charles Hernandez, there is also proof that at least some of the people who were brought up on charges supported Betty Loren-Maltese.  Charles Hernandez estimated that 80% of the people that he saw on BOFPC docket sheets supported either Hernandez or Schullo.  This would mean that at least 20% of the people charged supported Betty Loren-Maltese.  As such, given the evidence that there ware some people from each of the factions that were brought up on residency charges, no inference can be drawn that people were charged <u>because</u> they opposed Betty Loren-Maltese.  There certainly has been no direct evidence or proof of that.  And there is no circumstantial evidence of that either.

Similarly, there is no evidence of any tainted process before either the BOFPC of the arbitrator.  Judy Velazquez admitted that she was able to introduce documents, cross-examine witnesses, present witnesses and submit arguments to the arbitrator and the Board of Fire and Police Commission.  Clarence Gross testified that everyone was given a fair trial in front of the Board of Fire and Police Commission including Judy Velazquez and, if there was a trial for Thomas Kuratko, him as well.  Kuratko has also testified that he had the ability to submit evidence and, cross-examine witnesses, make

arguments and offer evidence. There has been no evidence of impermissible taint or process used. As a result, Plaintiffs simply cannot make out any due process claims.

Finally, there is no evidence of any conspiracy. There is no proof--either directly or indirectly--that Betty Loren-Maltese knew about any of the Plaintiffs' political activities or that there was any agreement or understanding by or among any of the Town officials to do anything with respect to the Plaintiffs in this case.

## ARGUMENT

### I. The Applicable Legal Standard For Entry of Judgment As A Matter of Law

Rule 50 of the Federal Rules of Civil Procedure provides that a court may enter judgment as a matter of law under the following circumstances:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

F.R.C.P. 50. Judgment as a matter of law appropriate where no rational jury could find for the plaintiffs. *Harvey v. Office of Banks and Real Estate,* 377 F.3d 698 (7th Cir. 2004). Because Plaintiffs have failed to come forward with evidence from which a rational jury could find in their favor, this Court should enter judgment against Plaintiffs as a matter of law at this time.

## II. Plaintiffs Have Failed To Present Direct or Indirect Evidence That Their Discharge Was Motivated By Their Alleged Political Activity.

Plaintiffs' claim of retaliatory discharge fails because Plaintiffs have not come forward with the evidence necessary to establish that their political affiliation was a substantial or motivating factor in thier suspension and discharge. *Nelms v. Modisett,* 153 F.3d 815, 818 (7th Cir. 1998). During their case-in-chief Plaintiffs failed to present any direct evidence that their termination was in any way related to alleged political activities. Reduced to its essence, Plaintiffs' evidence at best shows that they campaigned for Betty Loren-Maltese's political opponent, Charlie Hernandez, and were subsequently terminated. Standing alone, however, such a sequence of events will not support a claim for retaliation. *See, Sauzek v. Exxon Coal,* 202 F.3d 913, 918-19 (7th Cir. 2000).

Plaintiffs attempt to overcome the fact that they lack any direct evidence of discrimination by claiming that other individuals who violated Cicero's residency requirements were disciplined less harshly. But Plaintiffs failed to introduce evidence of any comparator. They failed to prove that any Loren-Maltese supporter lived out of Town with impurity.

As the Seventh Circuit has recognized, in order to be deemed similarly situated, a comparator must be "prima facie identical in all relevant respects," including performance, qualifications and conduct. *McDonalds* v. *Village of Winnetka,* 371 F.3d 992, 1002 (7th Cir. 2004); *Radue v. Kimberly Clark*, 219 F.3d 612, 617 (7th Cir. 2000).

Recently, the Seventh Circuit has explained that "relevant factors" a court should examine in determining whether or not an individual is similarly situated

5

include:

> whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications-provided the employer considered the latter factors in making the personnel decision.

*Thanongsinh v. Board of Education, Dist. U-46,* 462 F.3d 762 (7th Cir. 2006). Individuals who have "engaged in different conduct" than the plaintiff are not similarly situated and the treatment of such individuals is therefore not probative of discrimination. *Ineichen v. Ameritech,* 410 F.3d 956 (7th Cir. 2005).

In *Ineichen*, the plaintiff was dismissed by her employer, Ameritech, for violating Ameritech's code of business conduct. According to Ameritech, Ineichen had run a credit check without a valid business reason. Ineichen sued claiming that Ameritech had fired her because of her sex, race (white), and because she was dating a black man.

Ineichen identified two black females, Millborok and Tousseau, whom she claimed were similarly situated but were treated differently. These individuals had violated Ameritech's code of business conduct by engaged in "cramming", an activity that "involves charging a customer for products and services the customer did not order", but were not fired.

Concluding that these individuals were not similarly situated with Ineichen, and that Ineichen had therefore failed to establish a *prima facie* case of discrimination, the Seventh Circuit explained:

> to satisfy the "similarly situated" prong of the prima facie case, an employee must be "directly comparable in all material respects." *Sartor v. Spherion Corp.,* 388 F.3d 275, 279 (7th Cir. 2004) (internal quotation omitted). This requires the plaintiff to show not only that the employees

> reported to the same supervisor, engaged in the same conduct, and had the same qualifications, but also show that there were no "differentiating or mitigating circumstances as would distinguish . . . the employer's treatment of them." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000).
>
> In this case, Ineichen is not similarly situated to either Millbrook or Tousseau, because the latter two engaged in different conduct.*

*Ineichen v. Ameritech,* 410 F.3d 956 (7th Cir. 2005) (footnote omitted).

This case has even less. There is no evidence of comparators or disparate enforcement of the residency rule. Plaintiffs therefore cannot point to the Defendants' treatment of any individuals as evidence that they were treated more harshly and that their suspension and termination were politically motivated.

Failing any meaningful comparisons, Plaintiffs are really left with a case that shows that they supported Hernandez *and* were fired. Plaintiff cannot show that he was fired *because* he opposed Loren-Maltese. As such, Plaintiff's claim is nothing more than the implausible and illogical argument that because other Hernandez supporters were charged, that must be the reason Plaintiff was charged and discharged. But even then, Plaintiff's only proof is that others were charged. There has been no proof that anyone was discharged *because* they supported Hernandez.

In the absence of any other evidence supporting the proposition that Plaintiffs' termination was motivated by their alleged political activity, no reasonable jury could find that Plaintiffs were fired in retaliation for their exercise of First Amendment rights. Accordingly, this Court should enter judgment as a matter of law in favor of Loren-Maltese on Plaintiffs' First Amendment and Due process claims.

## II. This Court Should Enter Judgment As A Matter of Law On Count III of Plaintiffs' Complaint Because That Claim Is Barred By The Intracorporate Conspiracy Doctrine.

Plaintiffs' conspiracy claim also fails as a matter of law as the result of the intra-corporate conspiracy doctrine. The intra-corporate conspiracy doctrine provides that a governmental entity as well as its employees and representatives cannot conspire with themselves.[1] *See, Wright v. Illinois Department of Children & Family Services,* 40 F.3d 1492 (7th Cir. 1994). Under that doctrine government officials, pursuing the government's lawful business, do not become conspirators simply because acts within the scope of their employment are said to be discriminatory or retaliatory. *Id*

In this case, all the Defendants are employees or representatives of the Town of Cicero and therefore cannot have engaged in a conspiracy. *See, Keri v. Board of Trustees of Purdue University,* 458 F.3d 620 (7th Cir. /2006) (explaining that in a corporate conspiracy, co-conspirators must be outside of the corporation). Plaintiffs have not presented any evidence that would suggest that the intra-corporate conspiracy doctrine should not apply to their claims. Plaintiffs have not been able to establish a pattern of discrimination against those who opposed Betty Loren-Maltese, nor have they come forward with any evidence that would suggest that the Defendants' took action outside the scope of their job duties that was intended to cause him harm. *C.f.*, *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. 508*, 4 F.3d 465, 470 (7th Cir. 1993) (recognizing that the intra-corporate conspiracy doctrine will not only apply where persons are motivated *solely* by personal bias).

---

[1] The Seventh Circuit has yet to rule on the question of whether or not the intra-corporate conspiracy doctrine applies to actions brought under 42 U.S.C. §1983 as opposed to §1985. There is a division of authority on that question in this District, but the overwhelming authority applies the doctrine to §1983 cases as well --as this Court did in denying Defendant's motion in limine.

The evidence at trial is that Betty Loren-Maltese was attempting to clean up the police department. Hernandez admitted this. So did other witnesses. Loren-Maltese was enforcing the Town's ordinances. As such, it cannot be said that Loren-Maltese was motivated *solely* by personal reasons or bias. And in the absence of proof that Loren-Maltese was motivated *solely* by bias, the intra-corporate conspiracy doctrine bars Plaintiff's claim.

In addition, there is no proof of an "agreement" among the alleged co-conspirators. The only testimony is that the process was fair. As such, Plaintiff has failed to prove any "agreement," as required.

Ultimately, Plaintiffs' allegations are nothing more than an attempt to transform routine collaborative Town decision making into a discriminatory conspiracy against him. *See*, *Travis v. Gary Cmty. Mental Health Ctr., Inc.,* 921 F.2d 108, 110 (7th Cir. 1990). Because Plaintiffs' conspiracy claims are fatally flawed, this court should enter judgment as a matter of law in favor of the Defendants and against Plaintiffs on Count III of the complaint.

WHEREFORE, for the foregoing reasons, Betty Loren-Maltese is entitled to judgment as a matter of law.

                                                Respectfully submitted,

                                                By:  /s/ Keith L. Hunt (electronically filed)
                                                      Keith L. Hunt

Keith L. Hunt
Hunt & Associates, PC
70 West Madison
Suite 2100
Chicago, Illinois 60602
(312) 558-1300
khunt@huntassoclaw.com

# CERTIFICATE OF SERVICE

I, Keith Hunt, certify that I caused a copy of the foregoing Loren-Maltese's Rule 50 Motion for Judgment as a Matter of Law was filed and served electronically through the Court's CM/ECF Electronic Filing System and associated e-mail system on all counsel of record on April 30, 2007.

> By: /s/ Keith L. Hunt *electronically filed*
> Keith L. Hunt