IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH VELAZQUEZ and ) | |
| THOMAS KURATKO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 98 C 8318 |
| v. ) | Honorable Joan B. Gottschall |
| ) | |
| BETTY LOREN-MALTESE and ) | |
| THE TOWN OF CICERO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S, THE TOWN OF CICERO'S,
RULE 50 MOTION FOR A JUDGMENT AS A MATTER OF LAW**

Defendant, The Town of Cicero (the "Town"), by and through its attorneys, George S. Spataro, Esq. and K. Austin Zimmer, Esq. of Giglio & Del Galdo, LLP, respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 50(a) to enter a Judgment as a Matter of Law in favor of The Town of Cicero, and in support states as follows:

**I.  FACTS**

Judith Velazquez and Thomas Kuratko ("Plaintiffs") filed this lawsuit against former Town of Cicero President Loren-Maltese and The Town. Plaintiffs allege that in the 1997 campaign for Town President, they supported Charles Hernandez, the Democratic candidate challenging incumbent President Loren-Maltese. Count I of the Complaint alleges that Plaintiffs were fired in retaliation for supporting Loren-Maltese's political opponent in violation of their First Amendment rights. Count II alleges that Plaintiffs' due process rights were violated. Count III alleges conspiracy.

As for Counts I-III, no evidence has been offered that Defendants and other Town officials violated the Plaintiffs' due process rights, violated Plaintiffs' free speech rights, nor have Plaintiffs offered any evidence or proof to support their conspiracy claim. In short, Plaintiffs have failed to offer evidence or proof to support any of their claims. As explained further below, the Town requests this Court to grant its instant Motion for a Judgment as a Matter of Law on all counts.

## II. LEGAL STANDARD

Directed verdicts are governed by Federal Rules of Civil Procedure 50(a), "Judgment as a Matter of Law," which states:

> (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. Fed. R. Civ. P. 50(a).

In addition, trial courts direct verdicts, also known as judgments as a matter of law, in order to promote the efficient and expeditious administration of justice where no substantial factual disputes exist. *Pedrick v. Peoria and Eastern R.R. Co.,* 229 N.E. 2d 504, 510 (1967). The right to a jury trial includes the right to a jury verdict only if there are factual disputes of some substance. *Id.* at 511. However, upon a Motion for a Directed Verdict, the court must construe the evidence and all reasonable inferences therefrom against the movant. *Id.* at 513. A verdict ought to be directed in those cases in which the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Id.* at 510-11.

## III. ARGUMENT

### A. Plaintiff Has Not Presented Enough Evidence Or Proof To Support His First Amendment and Due Process Claims.

The Town cannot be liable under § 1983 under a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). Rather, the Town has § 1983 liability only if its policy caused a constitutional injury. *Baxter by Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 734 (7th Cir. 1994). To establish such a policy, Plaintiffs' alleged constitutional injury must have occurred as a result of: (1) an express policy that, when enforced, causes a constitutional deprivation; or (2) a widespread practice that, though not authorized by written law, is so permanent and well settled as to constitute a "custom or usage" within the force of the law; or (3) the act of a person with final policymaking authority. *Id.* at 734-35.

Plaintiffs allege that this Defendant violated their First Amendment rights by retaliating against them based on their political affiliation. They also allege that their due process rights were violated because the Police Board was biased against them. However, Plaintiffs have not offered evidence or proof to support either an alleged constitutional violation, nor have they offered evidence or proof of a municipal policy or custom sufficient to impose § 1983 liability on The Town. In fact, evidence in the Plaintiffs' case proved that The Police Board did not ultimately decide their charges. Their charges were decided by independent Union arbitrators.

#### 1. The Evidence Does Not Support Plaintiffs' First Amendment Retaliation Claim.

To support their First Amendment retaliation claim, Plaintiffs have the initial burden of showing by a preponderance of the evidence that their political affiliation was

3

constitutionally protected and their political affiliation was a substantial or motivating factor in their suspension and discharge. *Mt. Healthy City Sch. Dist. V. Doyle*, 429 U.S. 274, 287 (1977). As the Seventh Circuit has noted, this burden is not insignificant, as a "disgruntled employee fired for legitimate reasons cannot satisfy his burden merely by showing he carried the political card of the opposition party or that he favored the defendant's opponent in the election." *Garrett v. Barnes*, F.2d 629, 634 (7th Cir. 1992) (citing *Nekolny v. Painer*, 652 F.2d 1164, 1168 (7th Cir. 1981)).

To prove political retaliation, Plaintiffs must first establish that Defendant knew of their political affiliation. *Garrett v. Barnes*, 961 F.2d 629, 632 (7th Cir. 1991). Plaintiffs have not provided any evidence that Defendant knew of their political affiliation. Based on the evidence presented, Plaintiffs cannot establish a *prima facie* showing that their political affiliation was a substantial or motivating fact in their discharge. *See, e.g., Medina v. City of East Chicago*, 184 F. Supp.2d 805 (N.D. Ind. 2001).

Even if Plaintiffs carried their burden of showing that their political affiliation was a substantial or motivating factor in their suspension and discharge (which they have not), their political retaliation claim still fails as a matter of law because the record shows a legitimate, non-political reason for their suspension and discharge. *Garrett* at 634. The Town is entitled to a judgment as a matter of law for this additional reason.

In reviewing a defendant's reason to terminate a plaintiff, courts shall not 'sit as super-personnel departments and will not second guess an employer's legitimate decisions." *Medina v. City of East Chicago*, 184 F. Supp.2d 805, 820 (N.D. Ind. 2001) (citing *O'Regan v. Arbitration Forums*, 246 F.3d 975, 984 (7th Cir. 2001)). This is

4

particularly true in the law enforcement context, where courts should defer "to the superior expertise of law enforcement professionals in dealing with their respective personnel." *Id.* at 821 (citing *Kuchenreuther v. City of Milwaukee*, 221 F.3d 967, 974 (7th Cir. 2000)).

### 2. The Evidence Presented Does Not Support Plaintiffs' Due Process Claims.

Plaintiffs contend that the Police Board was biased against them in violation of their due process rights. Due process is a flexible concept whose procedures depend on the particular circumstances of each case. *Wallace v. Tilley*, 41 F.3d 296, 300 (7th Cir. 1994). In general, due process requires notice of charges and an opportunity for a hearing appropriate to the charges. *Id.* Plaintiffs face a particularly high burden with their bias-based due process claim, since the law presumes Police Board members are *not* biased. *Makula v. Village of Schiller Park,* No. 95 C 2400, 1998 U.S. Dist., LEXIS 7173, at *31 (N.D. Ill. Apr. 24, 1998) (stating that "[C]ourts presume that the adjudicator is a person of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances."); *Moses v. City of Evanston*, No. 95 C 199, 1995 U.S. Dist. LEXIS 15644, at *11 (N.D. III Oct. 19, 1995) (noting that "[s]hort of allegations of financial conflicts of interest, courts must accord a 'presumption of honesty and integrity' to administrative decisionmakers.").

Not only have Plaintiffs offered no evidence or proof that the Police Board was biased against them or that they did not receive adequate due process, they have in their own case proved that their termination complaints were decided by independent Union arbitrators. Additionally, Plaintiffs have failed to offer any evidence or proof that Town officials illegally dictated the Police Board's decisions.

5

### 3. The Evidence Does Not Support A Policy Sufficient To Impose Municipal Liability On The Town.

Even if the record supported Plaintiffs' alleged constitutional violations (First Amendment and due process), Plaintiffs have not adduced evidence sufficient to impose § 1983 liability on the Town. Plaintiffs do not contend that the Town has an express policy of discharging employees based on political affiliation and nothing in evidence would support such a claim. Plaintiffs are left with the remaining two prongs of the *Monell* test. The evidence presented, however, does not support either prong.

To establish a widespread practice under *Monell*, Plaintiffs must establish a "specific pattern or series of incidents." *O'Meara v. City of Chicago*, No. 97 C 1540, 1997 U.S. Dist. LEXIS 17748, at *8 (N.D. Ill. Nov. 5, 1997). A single, isolated incident does not support the inference of a widespread practice. *Id.* at *9; *Nebel v. City of Burbank*, No. 01 C 6403, 2003 U.S. Dist. LEXIS 4942, at *20-21 (N.D. Ill. Mar. 27, 2003); *Healy v. City of Chicago*, No. 00 C 6030, 2004 U.S. Dist. LEXIS 13553, at *27 (N.E. Ill. July 19, 2004).

Plaintiffs have not offered any evidence or proof of a widespread practice of politically motivated discharges. There was no specific evidence presented that the officers who did not support the Town President's re-election suffered adverse employment actions, while officers who supported her did not. In fact, the only practice proved is that The Town enforced its laws before the 1997 election and thereafter.

Left with the argument that a final decisionmaker caused their alleged constitutional injury, Plaintiffs again did not establish their *prima facie* case. Whether an individual is a final decisionmaker is a question of state law. *Pembauer v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Under state and local law, the final decisionmaker

for disciplinary issues for the Cicero Police and the Cicero Fire Departments is the Police Board. 65 ILCS 5/10-2.1-17; Cicero Town Code §§ 2-782 - 2-788. thus, as it is the final decisionmaker, the Police Board's conduct cannot subject The Town to § 1983 liability. And equally so, an independent Union arbitrator's conduct cannot subject The Town to § 1983 liability. Both Plaintiffs' termination cases were ultimately heard and decided by independent Union arbitrators.

### B. Plaintiffs Have Not Presented Any Evidence To Support Their Conspiracy Claim.

Plaintiffs conspiracy claim, like the rest of their claims, is not supported by any evidence. To prove a conspiracy claim, Plaintiffs must show: (1) an express or implied agreement among Defendants to deprive them of their constitutional rights; and (2) actual deprivations of those rights in furtherance of that agreement. *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988).

Plaintiffs have not offered any evidence concerning such an agreement. Plaintiffs have offered no evidence or proof of how The Town might have conspired against them. Moreover, even if Plaintiffs did present evidence of a conspiracy, they have not suffered any constitutional deprivations as explained *supra* at III-A. If this Court finds that Plaintiffs have not presented evidence to support their constitutional claims, it must likewise grant a directed verdict on their conspiracy claims because the latter is based upon the former. *Shaw v. Klinkhamer*, 2004 WL 3119005 at 14 (N.D. Ill. Dec. 23, 2004) (citing *Goetzke v. Ferro Corp.* 280 F.3d 766 (7th Cir., 2002)).

Additionally, under the intracorporate conspiracy doctrine "a conspiracy cannot exist solely between members of the same entity." *Stenson v. The Town of Cicero*, 2005 WL 643334 at 7 (N.D. Ill. Mar. 15, 2005). There are two exceptions to the intracorporate

7

conspiracy doctrine: (1) the doctrine does not apply when the employees are motivated by personal bias; and (2) the doctrine does not apply where there is a broad pattern of unconstitutional conduct that permeates the entity. *Id.* The first exception does not apply, as Plaintiffs have not presented evidence or proof that The Town was motivated to discharge them based on The Town's personal bias. As explained in *supra* at III-A-1, no evidence has been offered that The Town knew of their political affiliation. Moreover, the second exception does not apply since no evidence of a broad pattern of unconstitutional conduct permeating The Town of Cicero has been presented, as explained in *supra* at III-A-3.

## IV. CONCLUSION

This Honorable Court has fully heard the evidence presented by Plaintiffs. Plaintiffs have offered no legally sufficient evidence that could be a basis for a jury to conclude in favor of Plaintiffs.

WHEREFORE, Defendant, The Town of Cicero, prays that this Court enter a directed verdict in its favor and against Plaintiffs herein.

> Respectfully submitted,
> The Town of Cicero, by:
> Giglio & Del Galdo, LLP
>
> By: *s/ George S. Spataro*
> George S. Spataro, Esq.
> By: *s/ K. Austin Zimmer*
> K. Austin Zimmer, Esq.

George S. Spataro, Esq. (ARDC #3126416)
K. Austin Zimmer, Esq. (ARDC #6276227)
Giglio & Del Galdo, LLP
10526 W. Cermak Rd., #300
Westchester, IL 60154
708-531-880
Attorney for Defendant Town of Cicero